UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.    2:24-cv-06528-FWS-AJR					Date:  December 17, 2025
											Page 1 of 3

Title:	 Jonathan Ramone Franklin v. Jose Esquetini, et al.

DOCKET ENTRY:	**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE BECAUSE PLAINTIFF HAS NOT FILED A FIRST AMENDED COMPLAINT**

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

| _Claudia Garcia-Marquez_ | _____None_____ | __None__ |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PLAINTIFF:		ATTORNEYS PRESENT FOR DEFENDANTS:

None Present						None Present

**PROCEEDINGS:  (IN CHAMBERS)**

On July 31, 2024, Plaintiff Jonathan Ramone Franklin ("Plaintiff"), a *pro se* federal prisoner now confined at the Federal Correctional Institution Ray Brook in New York, filed this civil rights action pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971), against the following Bureau of Prisons ("BOP") employees who worked at the U.S. Penitentiary in Victorville, California ("USP Victorville") during the period when the alleged constitutional violations occurred: Physician's Assistant Jose Esquetini, Health Services Administrator Randal Gilliam, Property Correctional Officer Gonzalez, and Corrections Officer John Doe.  (Dkt. 1 at 1.) Plaintiff also asserts claims against the United States pursuant to the Federal Tort Claims Act ("FTCA").  (Id. at 1, 7-9.)

On February 20, 2025, Defendants Esquetini, Gilliam, and the United States filed a Motion to Dismiss the Complaint (the "Motion to Dismiss").  (Dkt. 17.)  On August 29,

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.    2:24-cv-06528-FWS-AJR | Date:  December 17, 2025 |
| | Page 2 of 3 |

Title:     Jonathan Ramone Franklin v. Jose Esquetini, et al.

2025, the Court recommended that Defendants Esquetini and Gilliam's Motion to Dismiss be granted in part and that Plaintiff's Complaint be dismissed with leave to amend.  (Dkt. 34.)  The Court further recommended that unserved Defendants Gonzalez and John Doe be dismissed without prejudice for failure to effectuate service pursuant to Federal Rule of Civil Procedure 4(m).  (Id.)

      On September 22, 2025, the District Judge accepted the Court's recommendations (the "September 22, 2025 Order"), which stated that no objections to the Report and Recommendation had been received.  (Dkt. 40.)  Although objections were ultimately processed by the Clerk's Office and docketed after the September 22, 2025 Order was issued, the District Judge expressly considered and rejected those objections in an Amended Order Accepting Findings, Conclusions, and Recommendation of the United States Magistrate Judge, issued on October 15, 2025.  (Dkts. 41, 44, 45.)

      Plaintiff was previously ordered to file a First Amended Complaint (the "FAC") that attempts to remedy the identified defects no later than October 22, 2025.  (Dkt. 40.)  On November 7, 2025, the Court *sua sponte* extended Plaintiff's deadline to file a FAC to December 7, 2025.  (Dkt. 47.)  Plaintiff was expressly reminded that his original complaint had been dismissed with leave to amend and that Plaintiff must file an amended complaint if he wants to proceed with this action.  (Id.)

      As of today, Plaintiff has neither filed an amended complaint nor requested an extension of time in which to do so.  This action cannot move forward unless and until Plaintiff files an amended complaint.  Plaintiff is ordered to file a FAC, if any, by **December 31, 2025** or show cause why the action should not be dismissed with or without prejudice for failure to prosecute and comply with Court orders.  If Plaintiff chooses to file a FAC, it should attempt to remedy the pleading defects identified in the Court's August 29, 2025 Report and Recommendation (Dkt. 40), bear the docket number assigned to this case (2:24-cv-06528-FWS-AJR), be labeled "First Amended Complaint," and be complete in and of itself without reference to the original Complaint or any other document (except any document that Plaintiff chooses to attach to the FAC as an exhibit).  Plaintiff is encouraged to state his claims in simple language and provide only a brief statement of supporting facts, omitting facts that are not relevant.  Should Plaintiff decide to file a FAC,

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.    2:24-cv-06528-FWS-AJR                                Date:  December 17, 2025
                                                                 Page 3 of 3

Title:     Jonathan Ramone Franklin v. Jose Esquetini, et al.

he is strongly encouraged to utilize the form complaint attached to this Order.

**Plaintiff is expressly advised that if he does not file a FAC by the Court's deadline or respond to this order, the Court will recommend that this action be dismissed either with or without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with Court orders.** If Plaintiff no longer wishes to pursue this action or certain claims or defendants, he may voluntarily dismiss the entire action, certain claims, or certain defendants by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A form Notice of Dismissal is attached for Plaintiff's convenience.


IT IS SO ORDERED.

Attachment:
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).
CV-66, United States District Court, Central District of California Civil Rights Complaint.